IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| IN RE:<br><br>DOUGLAS HEFEL and<br>SHEILA HEFEL,<br><br>        Debtors,<br>_____<br><br>DU TRAC COMMUNITY CREDIT UNION,<br><br>        Plaintiff-Appellee,<br><br>    vs.<br><br>DOUGLAS PHILLIP HEFEL and<br>SHEILA KAY HEFEL,<br><br>        Defendants-Appellants. | No. C 13-1029 EJM<br><br>ORDER |

This matter is before the court on an appeal filed September 30, 2013, from the final order and judgment of the Bankruptcy Court (BC)[1] filed August 5, 2013. Affirmed.

The grounds of the appeal from BC's decision are that the revocation of appellants' discharge after finding fraud and concealment was incorrect, and that the appellee's claims concerning the valuation of certain of appellants' property were precluded by BC's previous order approving the Trustee's motion to

---

[1] The Honorable Paul J. Kilburg.

1

compromise, entered before the fraud was discovered. This court has jurisdiction pursuant to 28 USC §158, and its standard of review for the findings of fact is for clear error, and for the conclusions of law is *de novo*. In Re Mathiason, 16 F.3d 234, 235 (8th Cir. 1994).

BC, in its Order, details the fraud and concealment by defendants/debtors, see Trial Exhibits 28 and 29. It then finds that "Debtors committed fraud by recklessly or knowingly omitting assets in their bankruptcy schedules and statements in order to mislead…", p.13. This court, after reviewing the substantial record on this issue, holds the finding to be well supported.

Finding fraud and concealment, the revocation of the discharge by BC was proper. 11 U.S.C. §727(d)(1). This section provides a two-prong test for revocation: 1) the discharge was obtained through the debtor's fraud, and 2) the plaintiff did not know of the fraud until after the entry of the discharge. In re Peterson, 356 B.R. 468, 475 (Bankr. N.D. Iowa 2006); In re Kote, 262 B.R. 464, 471 (B.A.P. 8th Cir. 2001.) The revocation was proper under the statute's test.

BC concluded that the appellees' claims concerning the valuation of appellants' property were not precluded by its previous Order, entered before the fraud was discovered. The discovery of fraud committed by appellants permits the subsequent changes. Jefferson Smurfit Corp. (U.S.) v. United States, 439 F.3d 448, 454 (8th Cir. 2006). Furthermore, the principles of res judicata, collateral estoppel and law of the case do not apply, due to the fraud, Jefferson Smurfit, supra, and also due to the fact that a non-appealable final judgment had

not been entered.  Lovell v. Mixon, 719 F.2d 1373 (8th Cir. 1983); Costner v. URS Consultants, Inc., 153 F.3d 667 (8th Cir. 1998).

Finding no error of fact or law in the record, this matter shall be affirmed.

It is therefore

ORDERED

Affirmed.

November 18, 2013

_____
Edward J. McManus, Judge
UNITED STATES DISTRICT COURT